Bart C. Miesfeld (126056)
Chance C. Hawkins (216712)
**OFFICE OF THE CITY ATTORNEY**
276 Fourth Avenue
Chula Vista, California 91910
(619) 691-5037 ♦ Facsimile (619) 409-5823

Stephen D. Lucas (74726)
Patricia Jo Custer (128703)
**LUCAS & HAVERKAMP LAW FIRM**
A Professional Corporation
Attorneys at Law
4350 Executive Drive, Suite 260
San Diego, California 92121
(858) 535-4000 ♦ Facsimile (858) 535-4001

Attorneys for Defendants City of Chula Vista,
Officer Fred Krafft [erroneously sued as Jeff Craft]
and Chief of Police Richard P. Emerson

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC B. HARRIS; MAY HARRIS; HALEY HARRIS, a minor by her Guardian ad Litem, MAY HARRIS; CAMERON HARRIS, a minor by his Guardian ad Litem, MAY HARRIS,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF CHULA VISTA; OFFICER JEFF CRAFT; CHIEF OF POLICE RICHARD P. EMERSON; DOES 1 – 10, inclusive,<br><br>　　　　Defendants. | Case No. 09-CV-2239-JAH (POR)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS'** *EX PARTE* **MOTION TO CONTINUE SUMMARY JUDGMENT AND FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY**<br><br>Action Filed:　October 9, 2009 |

Defendants hereby submit their memorandum of points and authorities in opposition to plaintiffs' *ex parte* motion to continue summary judgment and for leave to conduct additional discovery.

/ / /

/ / /

# I

## INTRODUCTION AND SUMMARY OF OPPOSITION

Defendants City of Chula Vista, Chief Emerson, and Officer Frederick Krafft are entitled to summary judgment or partial summary judgment on several claims that were alleged against them by "boiler-plate" allegations with no factual basis, including claims against Chief Emerson for conduct that occurred when he was not even there. Defendants seek summary judgment on plaintiffs' claim for false arrest, the "Monell" claim, and all claims against Chief Emerson. These claims were alleged by plaintiffs over two years ago and are not "new."

Plaintiffs' own eye witness to the alleged excessive force recently testified *there was no excessive force and Officer Krafft never assaulted plaintiff*. (See Decl. Lucas, Ex. C, depo. C. Reinesch.) With many of their claims on the verge of dismissal, plaintiffs' counsel filed this last-minute motion asking for a continuance of the summary judgment motion in order to re-open discovery which was closed in May 2011. Importantly, the summary judgment motion does not seek dismissal of the excessive force claim (which the defense believes will be defeated at trial when the jury hears the testimony of Mr. Reinesch who watched the arrest and totally discredits plaintiff's story). Thus, plaintiffs' claim they may find witnesses who will dispute Officer Krafft's testimony about an incident in Alaska over 18 years ago is not even relevant to the issues raised in the motion.

The motion should be denied as follows:

➢ The motion is based on the false claim defendants presented new facts for the first time in their summary judgment motion, but fails to specifically identify a single "new fact." Every issue raised in defendants' summary judgment was alleged by *plaintiffs*, who should have had facts to support their claims under FRCP Rule 11.

➢ Plaintiffs' counsel submitted information to this Court in violation of a court order precluding them from utilizing confidential information produced subject to a protective order in another case.

///

///

- ➤ The Protective Order issued in that case specifically prevents disclosure of the information described by plaintiffs' attorney in any other litigation – exactly what plaintiffs seek to do here. (See Ex. D ¶¶1, 7, Decl Lucas.)
- ➤ Even if the protected documents showed another officer was investigated for use of excessive force, that does not mean excessive force in fact occurred, and "two" investigations do not support plaintiffs' *Monell* claim because it takes more than a few isolated instances of misconduct to state a claim under *Monell*.
- ➤ The motion fails to meet the burden of setting forth *specifically* what material facts exist that that are essential to defeat the summary judgment as opposed to generalized and unsupported claims that there may be evidence of investigations and accusations by unnamed witnesses who did not even submit declarations in support of this motion.
- ➤ The motion fails to meet the burden of showing that plaintiffs acted diligently in attempting to procure the discovery and shows on its face plaintiffs knew about the "alleged evidence," but waited until only three days before their opposition was due to seek additional time:
  - the motion for summary judgment was filed July 18, 2011 and plaintiffs' opposition was due September 23, 2011; plaintiffs' motion was filed September 20, 2011
  - plaintiffs have known about Officer Krafft's Alaska lawsuit for over a year and a half (since April 2010) and failed to even check the court docket until two weeks before their opposition papers were due;
  - plaintiffs subpoenaed the police report from Alaska in March 2011, they failed to submit it to this Court, and failed to diligently investigate any relevant evidence related thereto;
  - plaintiffs' counsel have known about the Morales case since day one and consciously waited until the last minute to try to use information from that case which is protected from disclosure by Court order;

- plaintiffs alleged a *"Monell"* claim over two years ago, they knew they needed evidence to support it (which they did not have), they knew the City denied liability under *Monell*, and discovery was closed in May 2011.

➢ When the defense sought permission to take the depositions of witnesses to a fight where plaintiff Dr. Harris punched a man in the face just prior to his arrest, plaintiffs objected that the defense had waited too long, even though the defense had difficulty locating the witnesses who were in the military and had been deployed for months prior to the discovery cutoff. The Court denied the request to depose the witnesses based upon delay in seeking the depositions because their names had been disclosed six months prior to the discovery cutoff. (See Order, ECF No. 44.) The Court should apply the same standard to plaintiffs who waited much longer – knowing about every one of these issues since they filed their complaint – until long after discovery was closed, and two months after the summary judgment motion was filed to seek relief.

## II

### PLAINTIFFS' MOTION FAILS TO MEET THE BURDEN OF SHOWING THAT MATERIAL ADMISSIBLE FACTS EXIST THAT ARE ESSENTIAL TO OPPOSING THE MOTION

FRCP 56(d) requires the opposing party to show by declaration that for specified reasons, it cannot present facts *essential* to justify its opposition. The Ninth Circuit has held it is not an abuse of discretion to deny further discovery where the party seeking a continuance has not been diligent in pursuing discovery, which is the case here. *Chance v. Pac-Tel Teletrac, Inc.*, 242 F.3d 1151, 1161 (9th Cir. 2001). Further, the party seeking a continuance must show that facts exist that would preclude summary judgment. *Id.* The motion must specifically identify the facts and "may not rely on vague assertions" or generalized conclusions that certain information is needed or within the possession of the other side. *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009). Plaintiffs' motion is based solely on boiler-plate conclusory statements that evidence of accusations may exist, and "information is within defendants' possession," but fails to identify specifically any actual witness by name or

any actual findings – as opposed to vague references to investigations of *accusations* of excessive force by unidentified persons. The motion fails to identify any actual admissible facts, and requests a fishing expedition to look for evidence. Plaintiffs cite to unproven hearsay accusations which would not create a genuine question of fact sufficient to defeat defendants' summary judgment motion. The motion refers to supposed witnesses and a police report, but this is all hearsay and inadmissible argument of counsel. No actual witness is identified, there is no declaration by anyone other than counsel, and the alleged police report is not attached. There is a total lack of the specificity required by the above law.

Further, there is no showing of good cause for the lack of diligence in pursuing this discovery before the discovery cutoff and the due date for plaintiffs' opposition papers. Every issue raised in the summary judgment was first raised by plaintiffs' in their complaint, so they cannot claim any of these issues are "new." In fact, pursuant to FRCP 11(b), plaintiffs should have had evidentiary support for all their claims when they filed the complaint. Plaintiffs have known since defendants answered that the City denies there is any basis for *Monell* liability and plaintiffs had the burden of proof to obtain and present evidence to support their claims. They simply waited until after discovery was closed and their opposition was due. There has been no surprise.

The motion for a continuance and to re-open discovery should be denied for failure to make any showing of specific facts (not mere unsupported inadmissible accusations) that are essential to opposing the motion and failure to show diligence in pursuing discovery on these issues which have been known to plaintiffs for eighteen months to two years.

### III

### PLAINTIFFS' *MONELL* CLAIM REQUIRES PROOF OF A LONGSTANDING CUSTOM OR POLICY AND ISOLATED INCIDENTS OR UNPROVEN ACCUSATIONS ARE INSUFFICIENT

Plaintiffs must show they know of specific facts that they have been unable to obtain which would actually defeat summary judgment on the *Monell* claim. They claim to know of "investigations" and "accusations" from the Morales case that would somehow "impeach" the defendants' evidence but, even if this information was not protected from disclosure by a

court order, *Monell* requires proof of a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Trevino v. Gates*, 99 F.3d 911, 918-920 (9th Cir. 1996); *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992). Liability cannot be based upon isolated or sporadic incidents. Plaintiffs must have facts showing a sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy. *Id*.; *Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988) [two incidents are not sufficient to establish a custom].

Stating the obvious, this motion is an admission that plaintiffs never had and do not now have any evidence to support a *Monell* claim against the City. Pursuant to FRCP Rule 56(d) this motion requires plaintiffs show the discovery will yield facts *essential* to their opposition, which necessarily constitutes an admission plaintiffs have insufficient facts to defeat the motion. Thus, plaintiffs waited until the last minute, knowing they had no opposing evidence, and now make the desperate claim they should be entitled to obtain unproven accusations from another case that are protected from disclosure by court order, which would not even show any actual findings or judgments against the City.

Plaintiffs' request to re-open discovery in order to obtain information covered by a protective order in Morales must be rejected for several reasons. Besides the obvious delay in bringing this request given plaintiffs' counsel were the attorneys in Morales, the officer in Morales was not found liable in that case. There were no factual findings against him, the case settled with no admissions of liability, and it was dismissed (Decl. Lucas). Unproven allegations against an officer in another case do not constitute a "longstanding custom or policy." If the evidence in that case had really shown a longstanding custom, plaintiffs would have obtained a *Monell* finding of liability and they would be pointing to it to persuade the Court actual evidence exists. The truth is there is no such custom or policy.

As shown in defendants' motion, there have been only two court judgments against the police department since 1998 for excessive force. (See Declaration of Janice Galleher, filed with defendants' summary judgment motion.) In one case, Lopez v. Chula Vista Police Department, Judge Hayes *granted summary judgment for the City* on the *Monell* claim.

Plaintiffs' counsel knows the Court never made a *Monell* finding against the City in Morales nor was there any admission of liability in that case. *Allegations* by arrestees and plaintiffs' lawyers are *not* facts, and to defeat the summary judgment motion, plaintiffs must present *facts*.

Also, there is no showing that Officer Krafft has a history of constitutional violations, such that even if there were facts showing a "standard operating procedure" (which is not the case), Officer Krafft has not personally adopted such procedures and the records produced to plaintiffs prove that. The defendants produced Officer Krafft's complaint file, subject to a protective order, which shows he has no history of discipline or complaints for excessive force. Thus, there is no causal link between any alleged "policy" and Officer Krafft.

## IV

### PLAINTIFFS' ATTORNEY IS PRECLUDED BY COURT ORDER FROM DISCLOSING PROTECTED INFORMATION PRODUCED IN THE MORALES CASE

Plaintiffs' attorney Prevost violated the protective order by describing to this Court the protected materials she obtained in the Morales case. (See Ex. D, Decl. Lucas.) The whole point of the protective order was to prevent use of the information in any other case, which is exactly what attorney Prevost seeks to do here (Ex. D). Further, attorney Prevost misrepresents the facts and circumstances concerning the officer in the Morales case. As stated, there was never a finding that Morales was "beaten," and there have never been criminal convictions against that officer (as implied in the moving papers at p. 6:1). If the officer had been convicted of crimes, that would be a public record, which clearly does not exist. Attorney Prevost is simply making grossly exaggerated false claims in an effort to distract the Court from the true facts that the City does not have a history of excessive-force findings against it as shown by actual evidence submitted by the City.

///

///

///

///

# V

# PLAINTIFFS HAVE KNOWN ABOUT THE ALASKA LAWSUIT SINCE APRIL 2010, THERE IS NO GOOD CAUSE FOR THEIR DELAY, AND THEY FAIL TO IDENTIFY SPECIFIC FACTS THAT WOULD BE ESSENTIAL TO DEFEATING SUMMARY JUDGMENT

Plaintiffs' motion mischaracterizes the record concerning the "Alaska" incident. The true facts are as follows:

In April 2010, Officer Krafft provided responses to plaintiffs' interrogatories where he stated he had been sued in federal court in Alaska while he was in the U.S. Navy (Decl. Lucas ¶2). At his deposition on March 2, 2011, he was asked numerous questions about the events leading to the lawsuit and provided significantly more detail than plaintiffs' motion describes. Specifically, he testified in the early 1990s there was a confrontation in a bar called the "Mecca" near the water in Kodiak, Alaska, and that in defending himself he head butted someone who grabbed him. He left immediately and later reported the incident to the local police (Krafft Depo. Ex. A, Decl. Lucas). He reported the incident and lawsuit to the Chula Vista Police Department during his hiring process (*Id.* pP. 51-52).

On March 3, 2011, plaintiffs subpoenaed records from the Kodiak, Alaska police department (Decl Lucas). They apparently received a report, which is mentioned in their motion, but they failed to attach it. There was no criminal prosecution and the civil case was dismissed for failure to prosecute.

Plaintiffs' attorney claims she tried "for months" to find the lawsuit (Prevost Affidavit ¶3), but defense counsel's office found it in seven minutes using only the information Officer Krafft provided in his deposition by searching the Federal Court Pacer system (Decl. Lucas ¶2). A copy of the case docket is attached as Exhibit B, and shows the plaintiff's name, which plaintiffs have known since July 2011, because they identified him as a witness on their Supplemental Rule 26 disclosure dated July 6, 2011. Also, contrary to attorney Prevost's affidavit, the docket does not show any settlement offer was ever made. The docket shows a case that was filed in 1995 and dismissed in 1997.

Plaintiffs have not been diligent in pursuing this discovery and this motion should be denied on that ground alone, especially given plaintiffs' attorneys attempt to deceive the Court

as to the lack of information about the case, which they have had or was readily available to them for months. There is no good cause for the delay.

In addition, plaintiffs fail to meet their burden of showing there are specific facts that are essential to opposing the summary judgment motion. All they have is argument of counsel, without any witness declaration or actual evidence, that he was accused of an assault decades ago. That is not new information and it was disclosed before he was hired. Plaintiffs claim someone might dispute Krafft's testimony as to the confrontation in the bar, but they fail to show how that dispute is material to any issue in the summary judgment motion. Even if a witness disputes Krafft's testimony, that does not change the state of the evidence because it has always been part of the record that someone disputed Krafft's position since he was sued. The lawsuit itself shows someone disputed Krafft's story.

The fact some witness may dispute Krafft's testimony about a remote and irrelevant bar confrontation, which plaintiffs have known for a long time, is not sufficient grounds to re-open discovery. Plaintiffs have not shown how such testimony, if it even exists, would create a genuine issue of material fact that would defeat any aspect of defendants' motion. Instead, this whole issue is an attempt to taint the Court with unsupported accusations of "prior bad acts" that do not even come close to showing a history of violence by Officer Krafft. It is important to remember Officer Krafft's department complaint file was produced to plaintiffs and it shows absolutely no history of violence. Hence, they are trying to reach back almost 20 years to find something to besmirch his good name.

Finally, as for the unidentified Navy Seal who supposedly just surfaced days before plaintiffs' opposition was due, none of the unsupported hearsay stories reported by attorney Prevost is relevant or admissible. There is no declaration from this witness setting forth admissible facts from personal knowledge that would be relevant, much less essential, to issues raised in the summary judgment. Even if there are Navy Seals who will criticize Officer Krafft's conduct over ten years ago, such evidence is too remote and irrelevant absent proof the City knew it. That would mean plaintiffs have to show with specific facts that one of these supposed witnesses has personal knowledge of Officer Krafft's military personnel file

and knows that it actually contains reports of violence. Plaintiffs' motion does not show anything close to the showing necessary and this motion is nothing more than a belated request to go fishing.

## CONCLUSION

Based on the foregoing, the Court should deny plaintiffs' motion.

Respectfully submitted,

**LUCAS & HAVERKAMP LAW FIRM**

Dated: September 30, 2011.          By: /s/ Stephen D. Lucas
                                    STEPHEN D. LUCAS
                                    PATRICIA JO CUSTER
                                    Attorneys for Defendants

Harris v. City of Chula Vista, *et al.*
USDC Case No. 09-CV-2239-JAH (POR)

# PROOF OF SERVICE

I, Janis Moore, declare as follows:

I am over eighteen years of age and not a party to this action; I am employed with Lucas & Haverkamp Law Firm, located in the County of San Diego, State of California, and my business address is 4350 Executive Drive, Suite 260, San Diego, California 92121, telephone number 858.535.4000; facsimile number 858.535.4001.

On September 30, 2011, I served the document described as:

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
***EX PARTE* MOTION TO CONTINUE SUMMARY JUDGMENT
AND FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY**

on the interested parties in this action as follows:

SEE ATTACHED SERVICE LIST.

☐ **BY MAIL:** placing a true copy thereof enclosed in a postage-paid sealed envelope addressed as above, as follows: I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC SERVICE;** causing a true and correct copy of the above-entitled document to be served in accordance with the court's specified procedures and addressed to all parties appearing on the Pacer CM/ECF electronic service list for the above-entitled case. The e-service transmission was reported as complete and a copy of the service receipt page(s) will be maintained with the original document in our office.

☐ **BY FACSIMILE TRANSMISSION:** sending a true copy thereof from facsimile number 858.535.4001 to the above-listed facsimile number. The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on September 30, 2011, at San Diego, California.

_____
Janis Moore

100070.DOC

PROOF OF SERVICE

<u>Harris v. City of Chula Vista, *et al.*</u>
USDC Case No. 09-CV-2239-JAH (POR)

<u>**SERVICE LIST**</u>

Mary F. Prevost
402 West Broadway, Suite 950
San Diego, CA 92101
619.692.9001 / 619.255.0726 fax
<u>mfprevost@aol.com</u>
*Co-Attorneys for Plaintiffs*

Thomas E. Beck
The Beck Law Firm
10377 Los Alamitos Boulevard
Los Alamitos, CA 90720
562.795.5835 / 562.795.5821 fax
<u>becklaw@earthlink.net</u>
*Co-Attorneys for Plaintiffs*

Bart C. Miesfeld / Chance C. Hawkins
Office of the City Attorney
276 Fourth Avenue
Chula Vista, CA 91910
619.691.5037 / 619.476.5303 fax
<u>bmiesfeld@ci.chula-vista.ca.us</u>
<u>chawkins@ci.chula-vista.ca.us</u>
*Co-attorneys for Defendants*

100070.DOC
PROOF OF SERVICE