**MARY FRANCES PRÉVOST** (SBN#157782)
Attorney at Law
Emerald Plaza
402 West Broadway, Suite 950
San Diego, California 92101
Telephone: (619) 692-9001
Facsimile:  (619) 255-0726
E-mail: mfprevost@aol.com

**THOMAS E. BECK** (SBN# 81557)
THE BECK LAW FIRM
10377 Los Alamitos Blvd.
Los Alamitos, California 90720
Telephone: (562) 795-5835
Facsimile:  (562) 795-5821
Email: becklaw@earthlink.net

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN  DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC B. HARRIS, MAY HARRIS, HALEY HARRIS, a minor by her Guardian ad Litem, MAY HARRIS, CAMERON HARRIS, a minor by his Guardian ad Litem, MAY HARRIS, <br><br>Plaintiffs, <br><br>v. <br><br>CITY OF CHULA VISTA, OFFICER JEFF CRAFT, CHIEF OF POLICE RICHARD P. EMERSON, DOES 1-10, inclusive. <br><br>Defendants. | Civil No.: 09CV2239 JAH (POR) <br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' EX PARTE MOTION TO CONTINUE SUMMARY JUDGMENT PURSUANT TO F.R.C.P. RULE 56(d)(1) AND FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY PURSUANT TO F.R.C.P. 56(d)(2)** <br><br>The Hon. John A. Houston <br><br>Complaint Filed: October 9, 2009 <br>Trial Date: None scheduled |

**I**

**PLAINTIFFS HAVE NOT BEEN DILATORY IN SEEKING DISCOVERY**

The crux of Defendants' objection to Plaintiffs' request to conduct additional discovery is an allegation that Plaintiffs have been dilatory in seeking discovery.

This is not true. As stated in the moving papers, Defendants made wild "fact" claims in their Motion for Summary Judgment ("MSJ") that Plaintiffs heard of for the first time in City's Separate Statements of Undisputed Material Facts [Doc. 40-2] accompanying their MSJ . One cannot conduct discovery in anticipation of previously unknown assertions of fact.

We address them in order below:

**A.     MONELL CLAIMS**

The information Plaintiffs seek will challenge City's attempt to dismiss the *Monell* claim. The discovery shows a pattern of conduct by CVPD not to investigate and not to sanction officers falsely arrest, batter and/or fabricate reports regarding citizens.

The information Plaintiffs seek will also quite simply impeach Chief Emerson - City's key witness regarding Monell liability - on his assertion that he maintains a strict one strike-you're out policy regarding rogue officers.

Defense counsel makes a circular argument as to why plaintiffs' counsel has not made a showing sufficient to re-open limited discovery. On one hand, defense counsel accuses plaintiffs' counsel of revealing privileged information. Counsel has filed a declaration under seal highlighting the substance of what occurred in the Morales case that gives rise to this request for discovery.

**1.     Emerson's "You lie, you die" Policy**

What is clear, is that for the *first time* we hear a statement from Chief Emerson in a declaration in support of City's MSJ that he has a "you lie, you die" policy. This is essentially the equivalent of "One strike, you're out." This is a never before heard of "policy" from CVPD. In reality it *doesn't* exist. Chief Emerson just put this in a declaration in attempts to avoid *Monell* liability not realizing that this patently false statement would prompt Plaintiffs' to seek re-opening discovery into the Morales case to prove his lie.

First, we know the "You lie, you die" policy to be a fabrication because the last time Defendant Krafft attacked and beat up someone, and paid $95,000 in damages in a federal lawsuit, nothing happened to him. Krafft was *not* punished *nor* terminated. He lied, but he didn't "die." Assuming that Chief Emerson will come up with some explanation as to why Krafft wasn't disciplined in *that* case, he will be hard pressed to come up with an explanation as to why the "You lie, you die" was not applied to former CVPD Moises Rodriguez after he brutally attacked teenager Christian Morales in his driveway. In fact, Rodriguez was exonerated of all wrongdoing in that case. Still, City paid Christian Morales $400,000 for his extensive injuries.

There is a pattern to Chief Emerson's failure to discipline, and it sits hidden behind a protective order in *Morales v. City*, et al., Case No.07CV0186 JM (WMc). (See, Decl. Of Mary Frances Prevost, filed under seal).

If this Court allows Plaintiffs' counsel to re-open discovery in the Morales case, we will prove that Emerson's statement in his declaration regarding a "You lie, you die" policy is merely a false statement made in this case to avoid *Monell* liability, that such a policy does not exist, and we will effectively impeach the City's chief *Monell* witness and pierce the veil of City's *Monell* defense.

**2.    Modification of the Original Protective order is Authorized**

In his response, Mr. Lucas claims that the information sought is protected forever and for eternity by a protective order that cannot be altered. Untrue. The relevant portions of the protective order authorizing modification of it are sec. 12.1, 13.1 and 13.2 which state, respectively:

    12.    MISCELLANEOUS

        12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    13.    MODIFICATION BY COURT

13.1   The Court may modify this Order sua sponte in the interest of justice.

13.2   This Order is subject to further court orders based upon public policy and other considerations.

**B.   KRAFFT COMPLAINTS**

Upon receiving a copy of the criminal investigative report that reported Defendant Krafft head butted an unarmed citizen and then ran away before the police arrived, counsel Prevost began attempting to skip trace the witnesses identified in those reports. (See, original Affidavit of counsel in support of motion). As of September 11, 2011, the majority of letters have been returned "Return to Sender", "Unable to forward", "Attempted - not known", "No mail receptacle", and Vacant."

Counsel has just unearthed three more potential addresses for three witnesses to Krafft's attack.

Defendant Krafft himself was void of any memory of anyone associated with the Alaska attack.  He couldn't remember his lawyer's name.  He couldn't remember when it occurred.  He couldn't remember names of witnesses.  He didn't remember how he learned of it.  He didn't remember be served with a copy.  He didn't remember the names of witnesses.  He provided absolutely no information that assisted the defense in identifying the case.  Indeed, he didn't even know if a case was even filed.

Hence, when defense counsel ran him through the system under "Krafft", no case came up.  Attached is a copy of a PACER docket search report showing that there are no entries under Krafft.   (Exhibit A).  More recently, counsel began variations on the name "Krafft" and came up with the docket sheet in Krafft's assault case in Alaska.  Upon learning of the existence of the case, Attorney Prevost contacted the federal court in Alaska, sent up a storage retrieval fee and on October 5, 2011, sent a check to the clerk for copies which are anticipated to be delivered the se cond week of October.

4

According to the docket, the parties exchanged witness lists. Given the inability thus far to contact the witnesses identified in the police reports, and after speaking to Plaintiff's counsel and learning that she no longer had any files on the case, it is paramount to the proper defense of the MSJ to obtain the witness lists submitted by the parties.

Additionally, while Plaintiff's counsel in the Alaska suit was unable to provide any documentation from the case, she did identify the whereabouts - in general - of the Plaintiff. Plaintiff's counsel herein has hired an investigator in Alaska to track down that witness, as well as another potential witness for whom Plaintiffs have a lead on.

## CONCLUSION

For the reasons stated above, and in the accompanying declaration of Mary Frances Prevost, Plaintiffs respectfully request this Court grant a continuance of the Motion for Summary Judgment, and grant permission to conduct additional discovery relevant to the Monell claims and Defendant Krafft's history of violence. This request necessarily implies obtaining the original *Morales* Pitchess discovery as identified in the accompanying affidavit, *as well as* obtaining the discovery regarding CVPD Moises Rodriguez's attack of a citizen *subsequent* to Morales' attack which City *withheld* from Morales during discovery in his case.

Plaintiffs respectfully request that once they have received all of the relevant documentation from the *Morales* file, that they have the opportunity to depose Lt. Sallee who 1) conducted incomplete background check of Defendant Krafft, and whose participation on the *Morales* case impeaches Chief Emerson's "You lie, you die" policy (See, Affidavit of Mary Frances Prevost, file under seal herewith). Plaintiffs also respectfully request that this Court grant Plaintiffs the right to re-depose Chief Emerson after completion of discovery to challenge him on his newly stated "You lie, you die" policy.

Dated: October 5, 2011                    Respectfully submitted,
                                          LAW OFFICES OF MARY F. PREVOST

/s/ Mary Frances Prevost
Attorney for Plaintiffs