Bart C. Miesfeld (126056)
Chance C. Hawkins (216712)
**OFFICE OF THE CITY ATTORNEY**
276 Fourth Avenue
Chula Vista, California 91910
(619) 691-5037 ♦ Facsimile (619) 409-5823

Stephen D. Lucas (74726)
Patricia Jo Custer (128703)
**LUCAS & HAVERKAMP LAW FIRM**
A Professional Corporation
Attorneys at Law
4350 Executive Drive, Suite 260
San Diego, California 92121
(858) 535-4000 ♦ Facsimile (858) 535-4001

Attorneys for Defendants City of Chula Vista,
Officer Fred Krafft [erroneously sued as Jeff Craft]
and Chief of Police Richard P. Emerson

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC B. HARRIS; MAY HARRIS; HALEY HARRIS, a minor by her Guardian ad Litem, MAY HARRIS; CAMERON HARRIS, a minor by his Guardian ad Litem, MAY HARRIS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHULA VISTA; OFFICER JEFF CRAFT; CHIEF OF POLICE RICHARD P. EMERSON; DOES 1 – 10, inclusive,<br><br>Defendants. | Case No. 09-CV-2239-JAH (POR)<br><br>**DEFENDANTS' OBJECTION TO FILING UNDER SEAL [OR OTHERWISE] THE AFFIDAVIT OF MARY FRANCES PREVOST, AND REQUEST THE COURT REJECT AND RETURN THE AFFIDAVIT WHICH WAS FILED IN VIOLATION OF JUDGE MC CURINE'S PROTECTIVE ORDER**<br>[Filed In Re: Plaintiff's Motion to Continue Summary Judgment and for Leave to Conduct Additional Discovery]<br><br>Hon. John A. Houston<br>Action Filed:   October 9, 2009 |

Plaintiffs' counsel obtained records in another case that were produced only subject to a protective order signed by Judge McCurine, which order states the information produced, including notes and summaries, cannot be used in any other litigation. The Protective Order

was filed as Exhibit D to the Declaration of Stephen D. Lucas in opposition to plaintiffs' motion to continue the summary judgment and re-open discovery [ECF Doc. #57-1, pp. 57-78]. The whole point of the Protective Order was to prevent plaintiffs' counsel from engaging in this very conduct – attempting to use the confidential information in any other case. The affidavit of attorney Prevost violates the court's order and describes material protected from use and disclosure in any other case, and asking to file it under seal does not diminish the violation. The Protective Order states all protected material, including summaries, abstracts, etc. must be destroyed or returned and cannot be used in another case. In violation of this order, attorney Prevost describes her notes of the material to the Court.

## THE PROTECTIVE ORDER PROHIBITS ATTORNEY PREVOST FROM FILING PROTECTED MATERIAL UNDER SEAL ABSENT CONSENT OR A COURT ORDER AFTER APPROPRIATE NOTICE TO ALL INTERESTED PERSONS

At paragraph 1, the order states: *"this Stipulated Order creates no entitlement to file confidential information under seal."* Paragraph 10 further provides a party may not file protected material without permission from the Designating Party or a Court Order secured *after* appropriate notice to all interested persons. In violation of the Order, attorney Prevost did not obtain permission, and simply filed her affidavit describing the material with no advance notice to the City, which was obviously designed to deprive the City of a fair chance to object and oppose, and to prejudice the Court against the City by submitting her biased, inflammatory, and unproven accusations against another officer in her affidavit. Seeking to file the information "under seal" does not obviate the violation of the Protective Order since she filed the information in her affidavit without first following the procedures to have it sealed. The material is still subject to the Order – unless and until a Court Order after a proper opportunity to be heard is issued. This tactic by plaintiffs' counsel is an affront to the Court's Order, made in an apparent arrogant belief there will be no consequences and – even if there are – it will be worth it to taint the Court against the City with unfair prejudicial accusations under circumstances where the City cannot defend itself.

Plaintiffs' violation of the Protective Order was deliberately done by way of reply papers to which defendants have no right to respond. Nor was the request to file under seal a good faith effort to comply with the procedures set forth in the Protective Order or attorney Prevost would have provided advance notice to the City and asked the Court for permission to file the information under seal *without describing the information in self-serving, prejudicial and inflammatory detail.*

Given the unfair tactic utilized, the failure to provide fair notice, the fact the Protective Order was violated by submitting a description of the protected material under the pretext of asking for an order to file it under seal, and that it was done by way of reply, **defendants object to the Court considering any information submitted in the affidavit and further request the Court reject the affidavit and return it to plaintiffs' counsel.**

Respectfully submitted,

**LUCAS & HAVERKAMP LAW FIRM**

Dated: October 11, 2011.

By: /s/ Stephen D. Lucas
STEPHEN D. LUCAS
PATRICIA JO CUSTER
Attorneys for Defendants

<u>Harris v. City of Chula Vista, et al.</u>
USDC Case No. 09-CV-2239-JAH (POR)

## PROOF OF SERVICE

I, Janis Moore, declare as follows:

I am over eighteen years of age and not a party to this action; I am employed with Lucas & Haverkamp Law Firm, located in the County of San Diego, State of California, and my business address is 4350 Executive Drive, Suite 260, San Diego, California 92121, telephone number 858.535.4000; facsimile number 858.535.4001.

On October 11, 2011, I served the document described as:

**DEFENDANTS' OBJECTION TO FILING UNDER SEAL [OR OTHERWISE] THE AFFIDAVIT OF MARY FRANCES PREVOST, AND REQUEST THE COURT REJECT AND RETURN THE AFFIDAVIT WHICH WAS FILED IN VIOLATION OF JUDGE MC CURINE'S PROTECTIVE ORDER**

on the interested parties in this action as follows:

SEE ATTACHED SERVICE LIST.

☐ **BY MAIL:** placing a true copy thereof enclosed in a postage-paid sealed envelope addressed as above, as follows: I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC SERVICE;** causing a true and correct copy of the above-entitled document to be served in accordance with the court's specified procedures and addressed to all parties appearing on the Pacer CM/ECF electronic service list for the above-entitled case. The e-service transmission was reported as complete and a copy of the service receipt page(s) will be maintained with the original document in our office.

☐ **BY FACSIMILE TRANSMISSION:** sending a true copy thereof from facsimile number 858.535.4001 to the above-listed facsimile number. The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on October 11, 2011, at San Diego, California.

_____
Janis Moore

Harris v. City of Chula Vista, *et al.*
USDC Case No. 09-CV-2239-JAH (POR)

## SERVICE LIST

Mary F. Prevost
402 West Broadway, Suite 950
San Diego, CA 92101
619.692.9001 / 619.255.0726 fax
mfprevost@aol.com
*Co-Attorneys for Plaintiffs*

Thomas E. Beck
The Beck Law Firm
10377 Los Alamitos Boulevard
Los Alamitos, CA 90720
562.795.5835 / 562.795.5821 fax
becklaw@earthlink.net
*Co-Attorneys for Plaintiffs*

Bart C. Miesfeld / Chance C. Hawkins
Office of the City Attorney
276 Fourth Avenue
Chula Vista, CA 91910
619.691.5037 / 619.476.5303 fax
bmiesfeld@ci.chula-vista.ca.us
chawkins@ci.chula-vista.ca.us
*Co-attorneys for Defendants*

100070.DOC

PROOF OF SERVICE