UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC B. HARRIS; MAY HARRIS; HALEY HARRIS, a minor by her Guardian ad Litem, MAY HARRIS; CAMERON HARRIS, a minor by his Guardian ad Litem, MAY HARRIS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHULA VISTA; OFFICER JEFF CRAFT; CHIEF OF POLICE RICHARD B. EMERSON; DOES 1-10, inclusive,<br><br>Defendants. | Civil No. 09cv2239 JAH(DHB)<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTIONS *IN LIMINE***<br>[DOCS. # 92, 93, 94, 95, 96] |

### INTRODUCTION

Currently pending before this Court are the unopposed motions *in limine* filed by defendants. After a careful consideration of the pleadings submitted and the entire record in this case, this Court GRANTS defendants' motions.

### BACKGROUND

**1.   Factual Background**[1]

The instant complaint stems from an incident that occurred on October 16, 2008 at the Cricket Amphitheater in Chula Vista, California. Plaintiffs are four family members

---

[1] These background facts were previously presented in the Court's order granting in part and denying in part defendants' motion for summary judgment.

consisting of: Dr. Eric Harris, a Lieutenant Commander in the United States Navy and an orthopaedic surgeon; his wife, May Harris, an attorney, and their minor children Cameron and Haley Harris. On October 16, 2008, plaintiffs attended a Jimmy Buffett concert at the Cricket Amphitheater along with another couple.[2] At the conclusion of the concert, plaintiffs, with May Harris at the wheel, attempted to exit a dirt parking area but were unable to do so due to the numerous vehicles leaving at the same time. Another vehicle to the right of plaintiffs' vehicle, a Mustang, refused to allow plaintiffs' vehicle to merge. The male passenger of that vehicle got out and stood in front of the Harris' vehicle in order to block it from moving. Eric Harris, who was barefoot, then exited his vehicle and stood in front of the other vehicle with his hands crossed over his chest.

Defendant Officer Fred Krafft (erroneously sued as Jeff Craft) ("Krafft") was on duty and in uniform working the parking lot for the concert. Krafft was walking through the traffic exiting the parking area when he saw Eric Harris in shorts, barefoot, and standing between two cars with his arms crossed. Krafft contacted Eric Harris and told him he could not stand there, to which Eric Harris responded by throwing up his hands and cursed. Krafft subsequently placed Eric Harris under arrest. Defendant Police Chief Richard Emerson ("Emerson") was not present at the scene of the arrest.

May Harris then made her way to where Eric Harris had been taken and complained about the incident to Sergeant Nellis, Krafft's immediate supervisor, among others. May Harris asked Sergeant Nellis if she could speak to his superior, he pointed to another officer on a motorcycle parked near the security office, but she did not do so. Eric Harris was released that same night. No criminal charges were filed against him.

//

//

---

[2] It is undisputed that Eric Harris had a couple of margaritas before and during the concert. In addition, it is undisputed that a physical altercation occurred during the concert between Eric Harris and another concert-goer stemming from a drunk girl stepping on one of the Harris' children, and during which Eric Harris punched a man in the face with his right hand, was tackled to the ground and may have been scratched. It is also undisputed that Eric Harris cut his finger while feeling around on the ground to find his flip flops before leaving the concert area.

## 2. Procedural History

This instant complaint was filed on October 9, 2009, alleging ten causes of action against defendant the City of Chula Vista ("the City"), Krafft and Emerson, including: (1) violation of plaintiffs' rights against excessive force, false arrest and conspiracy to deprive plaintiffs of their civil rights, pursuant to 42 U.S.C. § 1983 against all defendants; (2) unlawful custom and practice under Monell v. Department of Social Servs. of N.Y., 436 U.S. 658 (1978) against the City and Emerson; (3) assault and battery against the City and Krafft; (4) false arrest against the City and Krafft; (5) civil conspiracy against all defendants; (6) torts in essence against all defendants; (7) intentional infliction of emotional distress against all defendants; (8) negligence against all defendants; (9) negligent employment/retention/supervision against Emerson; and (10) violation of California Civil Rights Act under the California Constitution. Defendants filed an answer to the complaint on December 21, 2009. Pretrial dates were subsequently set and amended several times.

Defendants filed a motion for summary judgment on July 18, 2011, and, on March 21, 2012 (after various continuances of the hearing date and briefing schedule), this Court granted in part and denied in part defendants' motion, granting summary judgment in favor of defendants on plaintiffs' first cause of action relating to defendant Emerson, along with plaintiffs' second, fifth, sixth, seventh, eighth, ninth and tenth causes of action, leaving plaintiffs' first cause of action relating to defendant Krafft, along with plaintiffs' second cause of action based on a Monell theory of liability and plaintiffs' fourth cause of action to be litigated at trial.

The final pretrial conference was held July 23, 2012, and the pretrial order was signed and filed. On September 17, 2012, the Court, on its own motion, rescheduled the jury trial to March 5, 2013 at 9:00 a.m.

Defendants filed their motions *in limine* on January 7, 2013. This Court, again on its own motion, rescheduled the hearing date for motions *in limine* to February 11, 2013, setting a briefing schedule for responsive pleadings. Plaintiffs' counsel, on January 29,

2013, filed a notice indicating the case was settled, *see* Doc. # 98, which defendants ultimately disputed. The dispute was resolved after several order to show cause hearings were held, culminating in a new trial date, new motions *in limine* hearing date and briefing schedule, and an order sanctioning defendants for improper conduct during discovery.[3] *See* Docs. # 99, 100, 102, 104, 105, 106, 110. The trial is now set for August 20, 2013. The Court set a motions *in limine* hearing date of June 17, 2013, and ordered the parties to file all motions *in limine*, including any supplemental motions by defendants and new motions by plaintiffs, by May 31, 2013, and oppositions to defendants' pending motions or oppositions to plaintiffs' new motions, if any, by June 7, 2013. No new motions or oppositions to the pending motions having been filed within these time constraints, this Court, on June 10, 2013, took defendants' motions under submission without oral argument. *See* Doc. # 114 (citing CivLR. 7.1(d.1)).[4]

## DISCUSSION

**1. Legal Standard**

There is no express authority in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence for motions *in limine* but such motions are recognized in practice and in case law. *See* Ohler v. United States, 529 U.S. 753, 758 (2000); United States v. Cook, 608 F.2d 1175, 1186 (9th Cir. 1979). Authority for these motions may also be implied through "the court's inherent power to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 (1984). A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Id. at 40. The purpose of a motion *in limine* is to avoid the futile attempt to "unring the bell" when highly prejudicial evidence is offered and then stricken at trial. *See* McEwen v. City of Norman, Okla., 926 F.2d 1539, 1548 (10th Cir. 1991).

---

[3] Defendant has filed notices of compliance with the Court's sanction order. *See* Docs. # 112, 113.

[4] Plaintiffs, on June 14, 2013, filed a request for extension of time to file oppositions to defendants' motions and to file their own motions *in limine*. *See* Doc. # 115. This Court denied plaintiffs' request, noting that the representations made concerning the relief requested did not amount to a showing of good cause to grant the relief. Doc. # 120 at 2.

4

The trial court has broad discretion to grant or deny motions *in limine* and the decision is rarely disturbed on appeal. United States v. Rambo, 74 F.3d 948, 955 (9th Cir. 1996); Galindo v. Ylst, 971 F.2d 1427, 1429 (9th Cir. 1992). A decision on a motion *in limine* is not binding on the trial judge; the decision may be altered based on evidence presented at trial. Ohler, 529 U.S. at 758. Thus, an objection may be made (or the evidence may be offered) at trial even if it falls within the scope of the court's *in limine* ruling. *See* United States v. Connelly, 874 F.2d 412, 416 (7th Cir. 1989).

**2.    Analysis**

Defendants present five unopposed motions *in limine* seeking to exclude evidence (a) relating to a physical altercation involving defendant Krafft at a bar in Kodiak, Alaska in 1993 while he was stationed there for a training operation as a Navy Seal; (b) of lost income due to plaintiff Eric Harris' alleged delayed promotion from Lieutenant Commander to Commander; (c) of past and future claimed medical expenses; (d) of a prior civil action against defendant Krafft; and (e) surrounding the treatment of plaintiff Eric Harris by Navy Psychiatrist Paul Hammer, M.D.

**a.    Kodiak, Alaska Altercation**

Defendants first seek to exclude evidence of an altercation that occurred in 1993 in a bar in Kodiak, Alaska while Krafft was stationed there as a Navy Seal on the grounds that the incident is irrelevant to the issues in this case, the introduction of the evidence would unfairly prejudice the defendant and would confuse the jury. Doc. # 92 at 3 (citing Fed.R.Evid. 401, 402, 403, 404). Defendants note the incident occurred approximately twenty years ago. Id.  This Court agrees with defendants that the Kodiak, Alaska altercation is too remote in time to be relevant to the issues presented here. Therefore, defendants' motion *in limine* to exclude evidence of the 1993 Kodiak, Alaska altercation [doc. # 92] is **GRANTED**.

**b.    Lost Income Due to Delayed Promotion**

Next, defendants seek to exclude evidence of plaintiffs' lost income due to delay of approximately six to nine months in his promotion from Lieutenant Commander to

Commander.  Doc. # 93 at 1-2.  Defendants contend plaintiffs have no admissible evidence to support this claim and note Eric Harris admitted during his deposition that he does not know why he was not promoted and could only speculate as to the cause.  Id. at 2 (citing Harris Depos. pp. 105:9 - 106:12).  In addition, defendants point out Eric Harris testified anyone involved in his promotion review could not legally tell him the reasons his promotion was delayed.  Id. (citing Harris Depos. pp. 288:5-289:6).  Thus, defendants contend plaintiffs cannot provide evidentiary support for the claimed lost income.  Id. at 3.

This Court finds defendants' arguments persuasive.  Based on the record presented, there does not appear to be any admissible evidence available to support plaintiffs' claim of lost income due to delayed promotion and, therefore, such evidence must be excluded.  Therefore, defendants' motion *in limine* to exclude such lost income [doc. # 93] is **GRANTED**.

### c. Past and Future Claimed Medical Expenses

Defendants also seek to exclude evidence of past and future medical expenses on the grounds that Eric Harris testified he is not responsible for such expenses, in that the Navy pays all medical expenses through TRICARE/HealthNet Federal Services.  Doc. # 94 at 2-3 (citing Harris Depos. pp. 39:6-40:11, 12:19-13:14).  This Court agrees that such evidence is excludable under these circumstances and, therefore, **GRANTS** defendants' motion to exclude evidence of past and future medical expenses [doc. # 94].

### d. Prior Civil Action Against Krafft

Defendants further seek to exclude evidence of a civil case in which Krafft, along with other officers, was named as a defendant.  Doc. # 95.  The case, filed in this District about six years ago, involved allegations of excessive force used during an arrest and was ultimately settled after a "vigorous" defense was presented.  Id. at 2. Defendants contend the facts and circumstances surrounding that case are irrelevant to the issues here "particularly since there was never a finding or determination against Krafft that excessive force was used and he was dismissed from the case before the settlement was made."  Id.

Defendants claim this evidence would unfairly prejudice the defendant, confuse the jury and result in a "mini trial" of the unrelated case, in violation of Rules 401, 402, 403, and 404. Id.

This Court finds defendants' contentions convincing. Since defendant Krafft was dismissed from the case before settlement and since there was no adjudication or finding that excessive force was used, this Court deems the evidence irrelevant and prejudicial. Therefore, defendants' motion to exclude evidence of the prior civil action against Krafft [doc. # 95] is **GRANTED**.

### e. Psychiatric Treatment

Lastly, defendants seek to exclude evidence concerning Eric Harris' psychiatric treatment with Dr. Paul Hammer, M.D. at the Navy Medical Center San Diego that occurred after the incident at bar and lasted approximately four months. *See* Doc. # 96. Defendants point out plaintiffs identified Dr. Hammer as a treating physician in their initial Rule 26 disclosure, have not produced any care and treatment records required by Rule 26(a)(1)(A)(ii), and have listed Dr. Hammer as a witness to be called at trial. Id. at 2. Defendants object to any testimony by Dr. Hammer concerning Eric Harris' treatment and seek to exclude such testimony because (1) plaintiffs failed to comply with Rule 26 disclosure requirements and (2) such testimony is inadmissible hearsay. Id.

This Court is again persuaded by defendants' arguments. Thus, this Court finds Dr. Hammer's testimony must be excluded due to plaintiffs' failure to comply with Rule 26 disclosure requirements and because the testimony is inadmissible hearsay. *See* Fed.R.Evid. 801. Therefore, defendants' motion *in limine* to exclude Dr. Hammer's testimony is **GRANTED**.

//
//
//
//
//

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that defendants' unopposed motions *in limine* [docs. # 92, 93, 94, 95, 96] are **GRANTED.** Specifically, the following evidence is excluded from trial:

1. Evidence relating to a physical altercation involving defendant Krafft at a bar in Kodiak, Alaska in 1993 while he was stationed there for a training operation as a Navy Seal;

2. Evidence of lost income due to plaintiff Eric Harris' alleged delayed promotion from Lieutenant Commander to Commander;

3. Evidence of past and future claimed medical expenses;

4. Evidence of a prior civil action against defendant Krafft; and

5. Evidence surrounding the treatment of plaintiff Eric Harris by Navy Psychiatrist Paul Hammer, M.D.

DATED:   July 23, 2013

JOHN A. HOUSTON
United States District Judge